**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| Shawn Dwayne Jones, : | |
| : | Civil Action No. 15-2401(RMB) |
| Petitioner, : | |
| : | |
| v. : | OPINION |
| : | |
| Warden Jordan Hollingsworth, : | |
| FCI Fort Dix, : | |
| : | |
| Respondent. : | |

**BUMB, District Judge**

I.   BACKGROUND

Petitioner, incarcerated in FCI-Fort Dix, in New Jersey when he filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenges his loss of good conduct time as a result of his disciplinary hearing held at a FCI-Jesup, in Jesup, Georgia[1] on August 7, 2014. (Pet., ECF No. 1 at 11.)

Petitioner asserts that he exhausted his administrative remedies. (Id. at 11-13.) He asserts one ground for habeas relief, the Disciplinary Hearing Officer ("DHO") did not have

---

[1] FCI-Jesup is "a medium security federal correctional institution with an adjacent low security satellite prison and a minimum security satellite camp." available at http://www.bop.gov/locations/institutions/jes/

any evidence to support a finding of guilt for violation of Code 225, Stalking. (Pet., ¶13, ECF No. 1 at 6.)[2]

Respondent filed an answer to the petition. (Respondent's Answer to the Petition for a Writ of Habeas Corpus, ECF No. 4.) Respondent contends the petition should be dismissed because Petitioner failed to exhaust his administrative remedies. (ECF No. 4 at 16-19.) Alternatively, Respondent contends the petition should be dismissed because Petitioner received all of the due process to which he was entitled, and Code 225 is not vague. (ECF No. 4 at 20-24.)

Petitioner filed a reply to the answer. (Def's Mem. of Law and Brief in Supp. of Pet. for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Reply"), ECF No. 7.) He asserted that a prisoner is not held to strict compliance with the exhaustion requirement if prison officials directly caused or contributed to the

---

[2] Although not specifically raised as ground for relief in his habeas petition, Petitioner cites a New Jersey Supreme Court case which held a New Jersey statute prohibiting "bias harassment" was void for vagueness because the statute relied on the victim's perception of bias rather than the defendant's intent. (Pet., ECF No. 1 at 18 (citing State v. Pomianek, 221 N.J. 66 (2015)). Pomianek is inapposite to the case at bar because it involved a state crime rather than a prison rule, and the Due Process Clause requires greater specificity in ordinary criminal sanctions than it does in violations of prison rules. Meyers v. Aldredge, 492 F.2d 296, 310 (3d Cir. 1974). The case is also inapposite because the New Jersey statute was void because it relied on the victim's perception that the defendant was motivated by bias, not because it relied on the victim's perception that she was being stalked, as is the case here.

prisoner's procedural default on a grievance.[3] (Id. at 1.) He attached copies of his administrative remedy requests. (Id.)

II. DISCUSSION

    A.   The Disciplinary Hearing

On July 7, 2014, at FCI-Jesup, an Incident Report was issued charging Petitioner with stalking[4] in violation of Code 225. (Declaration of Tara Moran ("Moran Decl.," Ex. 4, ECF No. 4-1 at 20-22). "J. Green," who was Petitioner's counselor, made a statement for the Incident Report. (ECF No. 4-1 at 21.) In summary, she complained that Petitioner began paying her too much attention in June 2013, by opening doors for her, complimenting her, and standing by her office staring at her. (Id.) After she had a second conversation with Petitioner about how this made her uncomfortable, and that other staff members had complained as well, he ceased the behavior until around July 7, 2014. (Id.) He began opening doors for her again, guarding her office door, and inappropriately staring. (Id.)

The incident report, dated July 7, 2014, was delivered to Petitioner on July 10, 2014, and he denied the charges. (Id.)

---

[3] Petitioner did not explain how prison officials directly caused or contributed to his procedural default.

[4] Stalking is defined as "Stalking another person through repeated behavior which harasses, alarms, or annoys the person, after having been previously warned to stop such conduct." BOP Program Statement, 5270.09, Table 1, Code 225 (effective Aug. 1, 2011). Available at www.bop.gov/policy/progstat/5270_009.pdf

The Unit Disciplinary Committee[5] referred the incident report to a DHO for a hearing on July 22, 2014. (ECF No. 4-1 at 22, 28.) Petitioner requested a staff representative and witnesses to appear at the hearing. (Id.)

The hearing was held before DHO Scott Schleder on August 7, 2014. (Moran Decl., Ex. 10, ECF No. 4-1 at 34-38.) Petitioner appeared with a staff representative, and he submitted documentary evidence of written memoranda by witnesses. (Id. at 35.) The DHO cited the following evidence in support of his decision that Petitioner was guilty of Stalking under Code 225: (1) Counselor Green's statement in the Incident Report; (2) memorandum by drug specialist K. Sapp; and (3) memorandum of Secretary R. Poole. (Id. at 36.) The DHO Hearing Report was delivered to Petitioner on October 16, 2014. (ECF No. 4-1 at 38.)

B.  Administrative Remedies

On September 29, 2014, Petitioner appealed the DHO's decision to the BOP Northeast Regional Office.[6] (Moran Decl., Ex 2, ECF No. 4-1 at 10.) The appeal was rejected because Petitioner had not attached a copy of the DHO report or

---

[5] The BOP regulations governing the Inmate Disciplinary Program are found at 28 C.F.R. §§ 541.1-8.

[6] Petitioner attached copies of his Administrative Remedy Requests to his reply to Respondent's answer. (Reply, ECF No. 7 at 4-7.)

4

submitted the correct number of copies and continuation pages. (Id.) Petitioner received a copy of the DHO report on October 16, 2014. (Moran Decl., Ex. 10, Part IX, ECF No. 4-1 at 38.) He refiled his appeal with the Northeast Regional Office on or about October 20, 2014. (Moran Decl. ¶6, Ex. 2, ECF No. 4-1 at 11.) The appeal was again rejected because Petitioner failed to attach a copy of the DHO Report or submit the correct number of copies. (Id.)

Petitioner refiled his appeal in the Northeast Regional Office on November 18, 2014, but he still did not attach the DHO Report or the correct number of copies. (Moran Decl., Ex. 2, ECF No. 4-1 at 12.) He tried again on December 1, 2014. (Id. at 13.) This time, it was rejected as untimely. (Id.)

Petitioner appealed the rejection to the Central Office. (Moran Decl. ¶9, Ex. 2, ECF No. 4-1 at 15.) On January 28, 2015, the Central Office rejected the appeal, concurring with the reasons cited by the Regional Office, and also rejecting the appeal as untimely. (Id.) The Central Office directed Petitioner to "provide staff verification stating reason untimely resubmission of Regional Appeal on December 1, 2014 was not your fault." (Id.) Petitioner appealed to the Regional Office on February 23, 2015, but he failed to explain why the untimeliness of his December 1, 2014 remedy request was not his fault.

5

(Reply, ECF No. 7 at 5.) Therefore, the appeal was rejected as untimely. (Moran Decl. ¶10, Ex. 2, ECF No. 4-1 at 16.)

    C.   Exhaustion

Prior to filing a habeas petition under 28 U.S.C. § 2241, a Petitioner is required to exhaust his administrative remedies. See Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (citing Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)). "If a petitioner failed to exhaust his administrative remedies due to a procedural default, and the default renders the administrative process unavailable to him, review of his § 2241 claim is barred unless he can show cause and prejudice." Speight v. Minor, 245 F. App'x 213 (3d Cir. 2007) (per curiam) (citing Moscato, 98 F.3d at 761). There is an exception to the exhaustion requirement "where the issue presented involves only statutory construction." Id. at 434 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).

Exhaustion is required in this case. The only ground for relief stated in the habeas petition is that there is no evidence supporting Petitioner's guilt of the disciplinary charge.

The BOP has an administrative remedy program for a prisoner to appeal a DHO's decision. 28 C.F.R. § 541.8(i). "DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located." 28 C.F.R. §

6

542.14(d)(2). An appeal may be rejected when it does not meet a requirement of the remedy program. 28 C.F.R. § 542.17(a). The prisoner must be given a reason for the rejection, and if the defect is correctable, he shall be informed of a reasonable amount of time in which to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b).

If an appeal is rejected and the prisoner is not given notice of an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c). The Coordinator at the next level may (1) affirm the rejection (2) may direct that the submission be accepted at the lower level (either upon the inmate's resubmission or direct return to that lower level); or (3) may accept the submission for filing. Id.

Appeals of the Regional Director's response are made to the General Counsel in the Central Office, within 30 days of when the response was signed. 28 C.F.R. § 542.15(a). Time limits may be extended when the inmate demonstrates a valid reason for delay. Id. Appeal to the General Counsel is the final administrative appeal. Id.

An inmate has 20 calendar days following the date on which the basis for the administrative appeal occurred to begin the administrative remedy procedure. 28 C.F.R. § 542.14(a), (d)(2). Here, Petitioner received the DHO Report on October 16, 2014,

7

and he had twenty days to file an appeal with the Regional Office. He made two attempts to timely file, but he neglected to attach a copy of the DHO Report, as required. He did not file a proper request, with the DHO Report attached, until December 1, 2014.

Petitioner was given a final opportunity by the Central Office, on January 28, 2015, to explain why it was not his fault that he did not file a proper request, an appeal to the Regional Office with the DHO report attached, until December 1, 2014. Petitioner did not explain why his untimeliness was not his fault. On February 23, 2015, his appeal was rejected as untimely.

The BOP administrative remedy process is no longer available to Petitioner because his requests were untimely. He has procedurally defaulted his administrative appeals. See Moscato, 98 F.3d at 760 ("failure to satisfy the procedural rules of the Bureau's administrative process constitutes a procedural default.")

D.   The Merits

The requirements of due process are met, in a prison disciplinary setting, if "some evidence supports the decision by prison disciplinary board to revoke good-time credits.") Superintendent Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Even if Petitioner's claim was not procedurally

barred, the Court holds that the record contains some evidence supporting the DHO's hearing decision, including Counselor Green's statement in the Incident Report; and memoranda from two staff witnesses, K. Sapp and R. Poole. (Disciplinary Hearing Officer Report, ECF No. 4-1 at 36.) Furthermore, the DHO wrote a detailed decision explaining how he weighed all of the evidence presented and why he credited the evidence cited in support of his decision. (Id. at 36-37.)

III. CONCLUSION

Petitioner has not attempted to establish cause and prejudice to excuse the default.[7] He has not explained why he did not attach a DHO Report to his appeal to the Regional Office within twenty days of receiving the DHO Report on October 16, 2015. Therefore, in the accompanying Order filed herewith, the Court will dismiss the habeas petition with prejudice because the claim for relief is procedurally defaulted. Alternatively, the Court will dismiss the claim on the merits because there is some evidence supporting the DHO's decision.

---

[7] When Petitioner requested that the Court intervene on his behalf in requesting additional time to respond to the Administrative Remedy Rejection Notice of February 2, 2015, the Court declined to do so and notified Petitioner that if his failure to timely file an administrative remedy request precluded him from exhausting his administrative remedies, his course of action in this proceeding was to show cause and prejudice for the procedural default. (ECF No. 9.)

                                                        s/Renée Marie Bumb
                                                        **RENÉE MARIE BUMB**
                                                        **United States District Judge**

Dated: January 21, 2016